**LOCAL 1461, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Plaintiff,**

*v.*

**COMMONWEALTH EDISON COMPANY, Defendant.**

No. 89 C 0816.

United States District Court, N.D. Illinois, E.D.

May 10, 1990.

Leon M. Despres, Thomas H. Geoghegan and Amy Louise Beckett, Despres, Schwartz & Geoghegan, Chicago, Ill., for plaintiff.

Robert E. Cronin and Brian J. Gold, Sidley & Austin, and Lisa A. Bartosic, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Before the court is the motion of defendant to dismiss the Plaintiff's Motion for Preliminary Injunction enjoining the implementation of certain aspects of defendant's Fitness–For–Duty program until the arbitration process is completed. Defendant argues that the Union has "failed to allege facts sufficient to support either a finding that an injunction is necessary to prevent the frustration of arbitration, or that the Union and its members will suffer irreparable harm if an injunction does not issue." (Def. Memorandum in Support of Motion to Dismiss, p. 12–13, *see also* Def. Motion to Dismiss First Amended Complaint, p. 3–4). Defendant also argues that its Fitness–For–Duty drug testing program is in compliance with the United States Nuclear Regulatory Commission (NRC) requirements. (Def. Motion to Dismiss First Amended Complaint, p. 4–7). Defendant does admit that it expanded the scope of the NRC requirements, but that this expansion was authorized by the NRC guidelines. (Def. Motion to Dismiss First Amended Complaint, p. 7).

Plaintiff seeks an injunction preventing implementation of only those aspects of the program which exceed the NRC regulations pending the results of arbitration. Plaintiff argues that the imposition of additional requirements beyond the NRC regulations constitute a new working condition subject to the arbitration process. (Pl. Brief in Opp. to Def. Mot. to Dismiss First Amended Compl. p. 2). These additional requirements include: defendant's use of coercive consent forms; defendant's addition of a substance to be tested beyond the six required by NRC regulations; subjecting employees to an arbitrary penalty of suspension not mandated by the NRC regulations; exceeding the NRC prescribed tolerance levels; eliminating personal privacy measures; and unilaterally imposing Edi-

**54**

son's chain of custody procedures, selection of a breathalizer test, choice of laboratory for testing, and designation of defendant's employee as a medical review officer. (Pl. Brief in Opp. to Def. Motion to Dismiss First Amended Complaint, p. 3). Additionally, plaintiff alleges that defendant refused to disclose lists of personnel subject to random testing and control procedures to insure fairness in the randomness of the program. (Pl. Brief in Opp. to Def. Motion to Dismiss First Amended Complaint, p. 3). For the following reasons, the court denies the defendant's Motion to Dismiss the First Amended Complaint.

As a threshold matter, jurisdiction of this court is based upon Section 301 of the Labor Management Relations Act of 1947 which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees ... may be brought in any district court of the United States...." 29 U.S.C. § 185(a) (1988). Although Defendant is correct in its assertion that injunctive relief is not always appropriate in every case over an arbitrable grievance (Def. Memorandum in Support of Motion to Dismiss, p. 3–4), the Norris–LaGuardia Act does not bar federal courts from issuing injunctions where: 1) it is undisputed that the grievance in question is subject to arbitration under the collective bargaining agreement; 2) the employer is ready to proceed with arbitration; and 3) the party has suffered and will continue to suffer irreparable injury. *Boys Markets, Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235, 253–54, 90 S.Ct. 1583, 1593–94, 26 L.Ed.2d 199 (1970). The Court in *Boys Markets* found that the "unavailability of equitable relief in the arbitration context presents a serious impediment" to enforcing the obligation and policies of arbitration. *Id.* at 253, 90 S.Ct. at 1593. Therefore, where the injunction is essential to enforce the parties' agreement to arbitrate contract disputes, and the traditional preconditions to equitable relief are met, injunctive relief is appropriate. *Id.* at 247–49, 254, 90 S.Ct. at 1590–91, 1594.

On a motion to dismiss, the allegations of the complaint, as well as the reasonable

inferences to be drawn from them, are taken as true. *Doe v. St. Joseph's Hospital*, 788 F.2d 411 (7th Cir.1986). The plaintiff must allege sufficient facts to outline the cause of action. *Id.* Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropolous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986). The complaint must state either direct or inferential allegations concerning all the material elements necessary for recovery under the relevant legal theory. *Id.*

Initially, this court notes that Defendant has made several assertions of fact which go beyond the scope of the pleadings. These assertions are better addressed by a motion for summary judgment, and are not considered in deciding this motion. *See* Fed.R.Civ.P. 12(b)(6). Accepting the facts as alleged in Plaintiff's First Amended Complaint for Injunction Against Random Drug and Alcohol Testing Policy as true, this court finds that Plaintiff has alleged sufficient facts to outline a cause of action for equitable relief.

Under Count I, the Union alleges that the company unilaterally instituted a totally new job working condition in violation of its duty under the Labor Management Relations Act to bargain collectively over such a substantial change in working conditions. (Plaintiff's First Amended Complaint for Injunction Against Random Drug and Alcohol Testing Policy, p. 4–5). Additionally, the Union alleges that the random drug testing policy also violates the just-cause disciplinary provision of the collective bargaining agreement, and the dispute is arbitrable.

The implementation of the Fitness–For–Duty program, insofar as it exceeds the NRC regulations, is a change from defendant's prior policy. Although Edison has always had a policy against drug use, drug testing was not used as a means of detecting violations of this policy. Defendant did not provide plaintiff with an opportunity to bargain over content or implementation of the program.

Under Count II, the Union alleges that in implementing the required Fitness–for–Duty program under the United States Nuclear Regulatory Commission guidelines codified at 10 CFR Parts 2 and 26, Edison unilaterally exceeded the requirements of the NRC. By imposing more expansive and strict requirements for drug testing, Edison unilaterally imposed a new working condition that is subject to collective bargaining.

Edison argues that the Union has not alleged sufficient facts to support a finding that an injunction is necessary to prevent frustration of arbitration, and that even if such a showing were made, the Union has not shown irreparable injury. Edison's theory is that the availability of reinstatement and backpay are sufficient remedies so as to render the arbitration process effective and any injury reparable.

■ Courts have construed irreparable injury in this context as an injury that would undermine the integrity of the arbitration process by making an eventual award only an "empty victory." *Oil, Chemical and Atomic Workers International Union, AFL–CIO, Local 2–286 v. Amoco Oil Company*, 885 F.2d 697, 704 (10th Cir.1989); *Local Lodge No. 1226 v. Panoramic Corp.*, 668 F.2d 276, 285–86 (7th Cir.1981). Thus, an injunction in aid of arbitration may issue when the actual or threatened harm amounts to a frustration or vitiation of arbitration. *Panoramic*, 668 F.2d at 286. Failure to restrain Edison's unilateral imposition of a new working condition may undercut the purpose of the arbitration provision because invasion of privacy, stigmatization, and humiliation attending drug testing may cause irreparable injury. *See Panoramic*, 668 F.2d at 279; *Amoco*, 885 F.2d at 703–09. This court is unwilling to hold as a matter of law that the alleged actions of Edison could under no circumstances cause irreparable injury.

Edison relies heavily on *International Chemical Workers Union v. Olin Corp.*, No. 87 C 5745, 1987 WL 14007 (N.D.Ill. July 16, 1987) (1987 U.S. Dist. LEXIS 6463). Although Judge Kocoras held that a union would suffer no irreparable injury as a result of a decision not to issue an injunction, the case is distinguishable from the present case. Initially, Judge Kocoras did not hold that reinstatement and backpay would be sufficient remedies under *all* circumstances, but rather only under the facts of *Olin*. *Id.* at 15. Crucial to his determination was the fact that the employer in *Olin* had several safeguards for confidentiality written into its drug testing plan. *Id.* Edison has not made any showing as to its procedures to insure confidentiality of test results and personnel records, and indeed such a showing could not be made at the motion to dismiss stage of this case. Most importantly, however, the *Olin* decision determined whether an injunction should issue, not whether the complaint should be dismissed.

This court may not grant dismissal unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropolous*, 795 F.2d at 594. Invasion of privacy, stigmatization, and humiliation have been held to constitute irreparable harm in the context of the employer's unilateral imposition of a drug testing program. *Amoco Oil*, 885 F.2d at 708. Disclosure of confidential personal information and embarrassment have also been held to constitute irreparable harm in the context of drug testing. *Graphic Comm. Union v. Stone Container*, 3 IER Cases 261, 263 (S.D.Ind.1988). The defendant has failed to show that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

ORDERED: The motion to dismiss made on behalf of defendant Commonwealth Edison Company is denied.